IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| CASSANDRA W., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. CBD-20-153 |
| | ) |
| KILOLO KIJAKAZI[1], | ) |
| | ) |
| Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Cassandra W. ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Administrative Law Judge ("ALJ") denied Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"). Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), ECF No. 14, Plaintiff's Alternative Motion for Remand ("Plaintiff's Alternative Motion"), ECF No. 14, and Defendant's Motion for Summary Judgment ("Defendant's Motion"), ECF No. 20. The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons presented below, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Defendant's Motion, **GRANTS** Plaintiff's Alternative

---

[1] When this proceeding began, Andrew Saul was the Acting Commissioner of the Social Security Administration. On July 9, 2021, Kilolo Kijakazi was sworn in as Commissioner and is therefore, automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

Motion, and **REMANDS** the ALJ's decision pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.  A separate order will issue.

I. **Procedural Background**

On June 23, 2016, Plaintiff filed for DIB under Title II of the SSA, alleging disability beginning June 1, 2015.  R. 15.  Plaintiff alleged disability due to carpal tunnel in both hands, cyst on right hand, rotator cuff in left shoulder and left elbow, and arthritis.  R. 66, 76.  Plaintiff's claim was initially denied on October 7, 2016, and upon reconsideration on December 29, 2016.  R. 15.  An administrative hearing was held on October 30, 2018.  R. 15.  On January 31, 2019, the ALJ denied Plaintiff's claim for DIB.  R. 25.  Plaintiff sought review by the Appeals Council, which concluded on November 18, 2019, that there was no basis for granting the request for review.  R. 1.  Plaintiff subsequently filed an appeal with this Court.  ECF No. 1.

II. **Standard of Review**

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g) (2019).  The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law.  *Id.*  ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163-64 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).  "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence."  *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002).  Substantial evidence is "more than a mere scintilla."  *Russell*, 440 F. App'x at 164.  "It means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Id*. (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'").  The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d at 1456 (citations omitted).  If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Title II if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) (2012).  The Code of Federal Regulations outlines a five-step process (Five–Step Analysis) that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i) (2012). If he is doing such activity, he is not disabled. If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509], or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(ii) (2012). If he does not have such impairment or combination of impairments, he is not disabled. If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(iii) (2012). If he does have such impairment, he is disabled. If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv) (2012). If he can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v) (2012). If he can perform other work, he is not disabled. If he cannot, he is disabled.

20 C.F.R. § 404.1520(a)(4) (2012). Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. § 404.1545(b)–(c) (2012). In making this assessment, the ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. § 404.1545(a) (2012). The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence

(e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *See Thomas*, 916 F.3d at 311; SSR 96-8p, 1996 WL 374184 at *7 (S.S.A. July 2, 1996). "Once the ALJ has completed the function-by-function analysis, the ALJ can make a finding as to the claimant's RFC." *Thomas*, 916 F.3d at 311. "[R]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)).

### III.   Analysis

The ALJ evaluated Plaintiff's claim using the Five–Step Analysis. R. 17–25. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 1, 2015. R. 17. At step two, under 20 C.F.R. § 404.1520(c) the ALJ determined that Plaintiff had the following severe impairments: carpal tunnel syndrome, obesity, degenerative joint disease, and arthrocentesis of the acromioclavicular joint of her left shoulder, arthrocentesis of the left elbow, degenerative joint disease, baker's cyst and osteoarthritis of the right knee, osteoarthritis of the left knee, and degenerative joint disease in her hands bilaterally. R. 17. The ALJ stated that the listed impairments were severe because they "significantly limit [Plaintiff]'s ability to perform basic work activities." R. 18. At step three, the ALJ determined Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526)." R. 18. Before turning to step four, the ALJ

determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following additional limitations:

> [Plaintiff] can only occasionally reach in all directions with her left and non – dominant arm; can only frequently handle, finger, and feel bilaterally; can only frequently climb ramps and stairs, balance, stoop, kneel, and crouch; can only occasionally crawl and can never climb ropes, ladders, and scaffolds.  Furthermore, [Plaintiff] can only occasionally be exposed to extreme cold.

R. 19.  At step four, the ALJ determined Plaintiff is unable to perform any past relevant work.  R. 23.  At step five, with the benefit of a Vocational Expert ("VE"), the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: usher, dealer/accounts investigator, and as a counter clerk.  R. 24.  The ALJ found that Plaintiff has not been under a disability, as defined in the SSA.  R. 25.

On appeal, Plaintiff argues that the Court should reverse the final decision of the ALJ, or in the alternative, remand the case to the Commissioner for further proceedings, alleging that Defendant's final decision is not supported by substantial evidence.  Pl.'s Mem. in Supp. of Pl.'s Mot. 4, ECF No. 14–1.  Specifically, Plaintiff avers that the ALJ's RFC determination is not supported by substantial evidence.  *Id.* at 9.[2]

When assessing a claimant's RFC, an ALJ is required to consider all "physical and mental impairments, severe and otherwise, and determine, on a function-by function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (modifications original) (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)).  In conducting this assessment, an ALJ must "provide a logical explanation of how [he] weighed the record evidence and arrived at her RFC findings." *Id.*  Only after an ALJ has provided "a narrative discussion describing how the evidence supports each conclusion" can he make a

---

[2] Plaintiff makes several sub-arguments attacking the ALJ's RFC determination, including that the ALJ failed to properly evaluate her obesity.

determination of Plaintiff's RFC.  *Id.*  A complete RFC analysis consists of evidence, logical explanation, and conclusion, with each element comprising equal importance.  *Id.* at 312.  Fourth Circuit precedent makes it clear that "meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion."  *Id.*; *see also Mascio v. Colvin*, 780 F.3d 632, 637 (4th Cir. 2015) ("Because we are left to guess about how the ALJ arrived at his conclusions on [the plaintiff's] ability to perform relevant functions and indeed, remain uncertain as to what the ALJ intended, remand is necessary.").  Therefore, an ALJ whose RFC assessment lacks sufficient reasoning or explanation connecting the evidence in the record to the conclusion of a claimant's limitations has made a legal error.  *Thomas*, 916 F.3d at 309.

Plaintiff alleges that the ALJ failed to properly evaluate her obesity in accordance with Social Security Ruling 02-1p.  Pl.'s Mem. in Supp. of Pl.'s Mot. 21.  Specifically, Plaintiff argues that since the ALJ found obesity to be a severe impairment and that Plaintiff's obesity significantly limits her ability to perform basic work activities, the ALJ was required to explain the limitations caused by Plaintiff's obesity and how those limitations are accommodated in the RFC.  *Id.* at 21-22.

Defendant contends that the "ALJ's decision clearly demonstrates that [the ALJ] did consider Plaintiff's obesity."  Def.'s Mem. in Supp. of Def.'s Mot. 9, ECF No. 20.  Defendant also contends that:

> [T]he ALJ considered and discussed treatment notes, medical opinions, and other evidence noting Plaintiff's obesity, including medical records indicating that losing weight could improve Plaintiff's symptoms (internal citations omitted).  By doing so, the ALJ adequately factored Plaintiff's obesity into the decision.

*Id.*  This Court disagrees.

As Social Security Ruling ("SSR") 02-1p explains, obesity exists when an adult, male or female, has a Body Mass Index ("BMI") of 30.0 or above.  SSR 02-1p, 2002 WL 34686281, at

7

*2 (Sept. 12, 2002).[3] The ruling further elaborates that an individual with a BMI greater than or equal to 40.0 is considered to have "extreme" obesity, and the greatest risk for developing obesity-related impairments. *Id.* At steps two through five of the sequential evaluation process, an ALJ is required to fully evaluate the effect a claimant's obesity has, both alone and in conjunction with other impairments, on her ability to perform work related activities. *Id.* at *3–7.

At step two, an ALJ must determine whether a claimant is obese, and if that obesity rises to the level of a severe impairment. *Id.* at *4. To make this determination, an ALJ generally relies on the assessment of a claimant's physician and other relevant information from the record in determining whether obesity exists as an impairment. *Id.* at *3. Obesity is considered "a severe impairment when, alone or in combination with another medically determinable physical or mental impairment, it significantly limits an individual's physical or mental ability to do basic work activities." *Id.* at *4. Obesity is found to be "'not severe' only if

---

[3] SSR 02-1p was rescinded and replaced by SSR 19-2p on May 20, 2019. However, since the ALJ's decision in this case was on January 28, 2019, before the rule change, this Court will address this issue in accordance with SSR 02-1p. Since the case law on this issue is scarce in the District of Maryland, this Court will adopt the interpretation from other Districts in the Fourth Circuit. *See Matthew T. v. Saul*, No. 7:19CV00807, 2021 WL 1084872, at *2 n.7 (W.D. Va. Feb. 4, 2021), report and recommendation adopted, No. 7:19-CV-00807, 2021 WL 1082482 (W.D. Va. Mar. 18, 2021) ("In May 2019, the Social Security Administration rescinded and replaced SSR 02-1p with SSR 19-2p. Soc. Sec. Ruling 19-2 Titles II and XVI: Evaluating Cases Involving Obesity, SSR 19-2p, 2019 WL 2374244 (S.S.A. May 20, 2019). The ALJ issued the decision in this case in October 2018, before the new rule. The old rules contained in SSR 02-1p therefore apply."); *Williams v. Saul*, No. 1:19-CV-983 (TCB), 2020 WL 5802707, at *5 n.2 (E.D. Va. Sept. 29, 2020) ("N.B. SSR 19-2p rescinded SSR 02-1p on May 20, 2019. However, the ruling is clear that the new ruling applies only to claims 'that are pending on and after the applicable date . . . We expect that federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions.'" SSR 19-2p, 2019 WL 2374255 (May 20, 2019)); *Linda W. v. Saul*, No. 7:20-CV-27, 2021 WL 930274, at *2 n.5 (W.D. Va. Feb. 22, 2021), report and recommendation adopted sub nom. ("In May 2019, the Social Security Administration rescinded and replaced SSR 02-1p with SSR 19-2p. Soc. Sec. Ruling 19-2 Titles II and XVI: Evaluating Cases Involving Obesity, SSR 19-2p, 2019 WL 2374244 (S.S.A. May 20, 2019). The ALJ issued the decision in this case in November 2018, before the new rule. The old rules contained in SSR 02-1p therefore apply.").

it is a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the individual's ability to do basic work activities." *Id.*

At step three, an ALJ must evaluate whether a claimant with obesity meets or equals the requirements of a listing under the Listings of Impairments in 20 C.F.R., subpart P, appendix 1 (the "Listings"). *Id.* at *5. There is no Listing specifically for obesity, however, "an individual with obesity 'meets' the requirements of a [L]isting if he has another impairment that by itself, [or in combination with obesity,] meets the requirements of a [L]isting." *Id.* It is possible for an individual to be deemed disabled based on obesity alone if the obesity impairment is found to be severe and medically equals a Listing at step three. *Id.* at *4. Additionally, an ALJ must consider whether a Listing is met if the individual has multiple impairments, including obesity, that do not individually meet the requirements, but the combination of which is equivalent in severity to a listed impairment. *Id*. at *5.

Before proceeding to step four, an ALJ must evaluate all of a claimant's severe and non-severe impairments to determine his RFC. SSR 96-8p, 1996 WL 374184, at *5. Since obesity can impose limitations on a claimant's functional abilities, an ALJ is required to assess and explain the ways in which an obesity impairment hinders a claimant's "maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis." *Id.* Additionally, "[t]he combined effects of obesity with other impairments may be greater than might be expected without obesity." *Id.* An ALJ is required to explain how she reached her conclusion "on whether obesity caused any physical or mental limitations." *Boston v. Barnhart,* 332 F. Supp. 2d 879, 886 (D. Md. 2004) (finding reversible error when an ALJ fails to mention a plaintiff's obesity at all in the determination of his RFC).

An ALJ relies on a claimant's RFC to determine whether his impairments prevent him from performing his past relevant work, or any other work that exists within the national economy, at steps four and five. SSR 02-1p, 2002 WL 34686281, at *3. Accordingly, any error in the sequential evaluation must be assessed to determine what, if any, effect it had on the overall outcome of the claim. *See Fountain v. Astrue*, Civ. A. No. CBD-11-1884, 2013 WL 145873, at *4 (Md. D. Jan. 11, 2013) ("Therefore, the court must determine whether the ALJ sufficiently considered the allegedly severe impairment, or whether an erroneous conclusion 'infected' the other steps."). In certain cases, an ALJ's failure to consider a claimant's obesity more thoroughly can be cured by the ALJ's reliance on an opinion by a medical expert. *See, e.g., Hynson v. Astrue*, Civ. A. No. TMD 10-175M, 2011 WL 2175035, at *4 (D. Md. June 2, 2011) ("Although it would have been helpful for the ALJ to include a more detailed discussion regarding Claimant's obesity, the Court finds that any error was harmless as his adoption of virtually all of [the consultative examiner's] limitations demonstrates sufficient consideration.").

Here, the medical records contain evidence of Plaintiff's obesity, which ranged from a low BMI of 40.88 to a high BMI of 44.25. R 523, 529, 533, 539, 550, 575, 590, 612. According to SSR 02-1p, this BMI would fall into the category of "extreme" obesity. SSR 02-1p, 2002 WL 34686281, at *2. At step two, the ALJ found that Plaintiff's obesity rises to the level of a severe impairment. R. 17. The ALJ also found that Plaintiff's obesity, "significantly limit[ed] [Plaintiff's] ability to perform basic work activities." *Id.* At step three, the ALJ considered Plaintiff's obesity and found that it does not meet or medically equal a Listing. R. 18. The ALJ explained that:

> [Plaintiff] has a Body Mass Index of 42.59 kg/m2, and therefore qualifies as obese (internal citations omitted). Because there is no specific listing criteria for obesity, under SSR 01-2p, an obese claimant can be found to have "met" the criteria for obesity if she has another impairment that, by itself, meets the requirements of a listing, or if

> [Plaintiff's] obesity, in combination with another impairment, meets the listing for the other impairment. [Plaintiff] may also show that her impairment medically equals a listed impairment if [Plaintiff] can show that her obesity, alone or in combination with another impairment, medically equals the listing for the other impairment. [Plaintiff's] obesity is not of sufficient severity as to medically equal a listed impairment. The above discussion shows that [Plaintiff] does not have another impairment that meets or medically equals one of the listed impairments. Therefore, [Plaintiff] has not shown that her obesity meets or medically equals one of the listed impairments.

R. 18-19. As stated above, before proceeding to step four, since the ALJ rendered Plaintiff's obesity "severe," he was required to explain how [he] reached [his] conclusion "on whether obesity caused any physical or mental limitations," in the RFC. *Boston*, 332 F. Supp. 2d at 886. The ALJ does not mention Plaintiff's obesity at any point in the RFC analysis. *See* R. 19-23. Thus, the Court cannot determine whether the ALJ used substantial evidence to support his conclusion. *See Tucker v. Colvin*, No. CV BPG-16-1946, 2017 WL 2472528, at *2 (D. Md. June 8, 2017) (where the Court found that "the ALJ's evaluation of plaintiff's obesity is not supported by substantial evidence," and held that "the court has no basis by which to determine whether the ALJ properly considered plaintiff's obesity in assessing plaintiff's work-related limitations at step four of the sequential evaluation.").

Defendant argues that Plaintiff did not mention any functional limitations attributable to to obesity in her brief. Def.'s Mem. in Supp. of Def.'s Mot. 10. Defendant also argues that any error is harmless because Plaintiff failed to point to any limitation that should have been included in the RFC. *Id.* Defendant's interpretation of Plaintiff's brief is incorrect. Although the Fourth Circuit has held that even if the ALJ fails to discuss obesity in the RFC, it may be harmless error if the medical opinions that that the ALJ adopts, refers to the obesity – that is not the case here. *See Lehman v. Astrue*, 931 F. Supp. 2d 682, 691–92 (D. Md. 2013); *see also Stemple v. Astrue*, 475 F. Supp. 2d 527, 539 (D. Md. 2007) ("some courts have found harmless error in certain cases where the ALJ fails to discuss a claimant's obesity.").

11

Plaintiff correctly points out, and the record supports, Plaintiff's limitations that can be attributable to obesity. For instance, Plaintiff states that "[t]he record documents pain limitations caused by Plaintiff's severe lower extremities impairments that limit her capacity to stand and walk consistently throughout an eight-hour workday." Pl.'s Mem. in Supp. of Pl.'s Mot. 15-16. Plaintiff also points out that the medical records "repeatedly document treatment for constant aching pain in her knees that is exacerbated by walking and standing (internal citations omitted)." *Id.* at 16. The record is also replete of examples of Plaintiff's lower extremity swelling.

Even though the ALJ found Plaintiff's obesity to be a severe impairment and explained why obesity did not meet a listing, neither the ALJ's RFC analysis nor the opinion evidence that the ALJ relied on mentions Plaintiff's obesity, requiring remand.[4] *See Puryear v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-3386, 2016 WL 4444660, at *4 (D. Md. Aug. 23, 2016) (requiring remand where "the ALJ neglected to include any analysis of whether obesity caused or contributed to [plaintiff's] functional limitations. Notably, the ALJ does not mention [Plaintiff's] obesity a single time in her RFC analysis."). Without further analysis, the Court cannot determine whether the ALJ properly considered limitations due to Plaintiff's obesity. *See Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)) ("'A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.'"); *see also Tucker*, 2017 WL 2472528, at *2 (where the court remanded the case

---

[4] There is evidence in the record to support Plaintiff's contention that Plaintiff's obesity was documented after the medical consultants evaluated Plaintiff. *See* Pl.'s Mem. in Supp. of Pl.'s Mot.13-19. However, since this issue is not dispositive, the Court declines to address this issue further.

finding that "the ALJ does not so much as mention plaintiff's obesity at any other point in her opinion.  Thus, the court has no basis by which to determine whether the ALJ properly considered plaintiff's obesity in assessing plaintiff's work-related limitations at step four of the sequential evaluation.").  Accordingly, the Court concludes the ALJ did not properly evaluate Plaintiff's obesity, and thus the RFC is not supported by substantial evidence.

As mentioned above, Plaintiff also raises other sub-issues of the RFC analysis for review.  However, in view of the Court's decision to remand the matter due to the ALJ improperly evaluating Plaintiff's obesity, the Court declines to address the remaining issues.  *See Brown v. Colvin*, 639 F. App'x 921, 923 (4th Cir. 2016) (declining to address all of a claimant's issues raised once the court decided to remand on one issue); *Edna Faye H. v. Saul*, No. TMD-18-581, 2019 WL 4643797, at *6 (D. Md. Sept. 24, 2019).

On remand, the ALJ should address the issues raised by Plaintiff.  *Timothy H. v. Saul*, No. TMD 18-1675, 2019 WL 4277155, at *7 (D. Md. Sept. 10, 2019).  In remanding this case, the Court expresses no opinion on whether the ALJ's ultimate decision that Plaintiff was not disabled is correct or incorrect.  *See Parker v. Comm'r, Soc. Sec.*, No. ELH-16-2607, 2017 WL 679211, at *4 (D. Md. Feb. 21, 2017).

## IV. Conclusion

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion, and **GRANTS** Defendant's Motion.

January 31, 2022                                             /s/

Charles B. Day

United States Magistrate Judge

CBD/pjkm